IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAYSON WILKES, #4170-007          :

     Petitioner               :

     v.                     :        CIVIL ACTION NO.  RDB-07-1042

LISA HOLLINGSWORTH, Warden    :

     Respondent            :

## MEMORANDUM OPINION

Before the Court is a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 filed by Jayson Wilkes, a D.C. Code offender and an inmate at the Federal Correctional Institution in Cumberland, Maryland, challenging his confinement.  Counsel for the United States has responded, seeking dismissal.  Upon review of the pleadings and applicable law,  the Court will dismiss the Petition without prejudice for failure to exhaust available administrative remedies.

**Claims Presented**

Wilkes raises the following claims: 1) that Bureau of Prisons ("BOP") officials are without authority to run his state sentence consecutive to his federal sentence; and  2) that he has been improperly placed under the federal 85% scale law because he is a D.C. Code offender. Wilkes contends that he should receive 120 days good credit reduction at the rate of 10 days per month and seeks "street time credit."  Wilkes requests his immediate release.

**Factual Background**

Plaintiff has been incarcerated at FCI Cumberland since March 9, 2007.  He was originally sentenced to a 45-year term of imprisonment for manslaughter, but was later released on probation. On August 31, 2006, his probation was revoked and he was sentenced to 6-18 years imprisonment.

Wilkes is eligible for parole and has a parole hearing date in December of 2007.  His parole eligibility date is October 21, 2008.  His maximum full term date is October 21, 2020.  Wilkes has

filed no administrative remedies with the Bureau of Prisons.[1]

**Exhaustion of Administrative Remedies**

The Bureau of Prisons (BOP) has established an Administrative Remedy Program for inmates to resolve concerns related to their confinement. *See* 28 C.F.R. § 542.10 *et seq.*  An inmate may first attempt informal resolution.  If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based.  *See* 28 C.F.R. § 542.14(a).  If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a).  If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, DC, using the appropriate forms. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. *See id.*  An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. *See* 28 C.F.R. §542.15(a).

**III.  Conclusion**

For the above reasons, the Court will dismiss the petition without prejudice. A separate Order follows.


September 5, 2007                                      /s/_____
        Date                                              RICHARD D. BENNETT
                                                          UNITED STATES DISTRICT JUDGE

---

[1] *See* Resp. Ex. 1, Attach. B.Declaration of Alecia D. Sankey.